**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lancelot HENRY, Defendant–
Appellant.**

No. 02–3955.

United States Court of Appeals,
Seventh Circuit.

Submitted March 30, 2005.*

Decided April 4, 2005.

Scott D. Levine, Office of The United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Jonathan E. Hawley, Office of The Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Lancelot Henry, Federal Correctional Institution–Allenwood, White Deer, PA, pro se.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Lancelot Henry pleaded guilty to one count of using a telephone to facilitate a conspiracy to import cocaine, 21 U.S.C. § 843(b), and was sentenced to 48 month's imprisonment. He contends, relying on *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court improperly treated the sentencing guidelines as binding. But he does not dispute that he forfeited this argument by not raising it in the district court, so our review is for plain error. *See Booker*, —— U.S. at ——, 125 S.Ct. at 769; Fed.R.Crim.P. 52(b).

The government concedes that there was error which is plain, but the record does not disclose whether the judge would have imposed the same sentence had he known about his additional discretion under *Booker*. Accordingly, we will invoke *United States v. Paladino*, 401 F.3d 471, 472 (7th Cir.2005), and solicit the sentencing court's view about the probable result of ordering resentencing. *See Id.* at 472. We direct a limited REMAND in accordance with the procedure set forth in *Paladino*, thus retaining appellate jurisdiction.